The UNITED STATES of America, Appellee,

v.

Ulton Jerome RIVERS, Appellant.

No. 72-1184.

United States Court of Appeals, Fourth Circuit.

Argued Aug. 31, 1972.

Decided Nov. 2, 1972.

Walter T. Johnson, Jr., Greensboro, N. C., Court appointed (Frye, Johnson & Barbee, Greensboro, N. C., on brief), for appellant.

William L. Osteen, U. S. Atty. (J. Howard Coble, Asst. U. S. Atty., on brief); for appellee.

Before HAYNSWORTH, Chief Judge, and CRAVEN and RUSSELL, Circuit Judges.

PER CURIAM:

Appellant Rivers, convicted of bank robbery and sentenced to a term of 15 years, urges on appeal that he is entitled to a new trial on four grounds, of which two merit discussion.

Over objection, the trial judge allowed a witness to testify that in the presence of the defendant another participant in the bank robbery threatened the witness if she should ever inform on them, and that he remarked when passing a Wachovia Bank, "That would be a good one." Similarly, another witness was allowed to testify to a series of statements made by defendant's companions in the presence of the defendant and immediately prior to the robbery. These statements were competent, not for the purpose of proving the truth of the matters asserted, but to permit the jury to infer the defendant's state of mind in consequence of the utterances. That defendant was aware of remarks by his companions relating to bank robbery was properly considered by the jury as bearing upon the essential element of defendant's intent to aid in the commission of the robbery. This is especially true in the fact context of this case, for it was defendant's contention that although present he was merely an innocent bystander. Since this sort of evidence is relevant as to state of mind and intention, without regard to the truth of the statements, the hearsay rule is clearly inapplicable. Frank v. United

States, 220 F.2d 559 (10th Cir. 1955). Thus we need not consider whether, if hearsay, the evidence fell within recognized exceptions to the rule.

 Prior to the selection of the jury, counsel for defendant requested that these questions be put to the panel on voir dire:

29. Have you had any dealings or experiences with Negroes that might make it difficult for you to sit in impartial judgment on this case?

30. Do you promise to consider only the facts and evidence in this case and to completely disregard the defendant's race, creed and color?

The district judge failed and refused to propound these questions. We think that he should have asked them, but that on the facts of this case his failure to do so was harmless error.

During oral argument counsel agreed that the defendant was black, that two of the government's witnesses were black, and that four members of the jury were black. Under these circumstances, we think the district judge's repeated inquiry of the jury, during the selection process, relating to the jurors' ability and willingness to render a fair and impartial verdict was enough.

In Aldridge v. United States, 283 U.S. 308, 51 S.Ct. 470, 75 L.Ed. 1054 (1931), the Supreme Court held that it was reversible error for the trial judge to refuse to ask on voir dire whether racial prejudice would prevent any juror from giving a fair and impartial verdict because the defendant was a Negro charged with the murder of a white policeman.

In United States v. Gore, 435 F.2d 1110 (4th Cir. 1970), we interpreted *Aldridge* as laying "down a broad rule that in any criminal case an accused has a right to inquire whether racial prejudice precludes any juror from reaching a fair and impartial verdict." 435 F.2d at 1111. We adhere to that interpretation.

But in *Gore* we did not decide "whether every refusal of an accused's request for a voir dire examination on racial prejudice is such an impairment of the right to challenge jurors that it can never be harmless error." 435 F.2d at 1112. It was unnecessary to reach the question because prejudice to Gore was obvious on the face of the record: he was black, many of the government witnesses were white, and he was tried by an all-white jury. Rivers, on the contrary, was tried by a mixed jury, and the government's case rested heavily upon the testimony of members of the same race as Rivers.

We are convinced beyond a reasonable doubt that Rivers received a fair trial before an impartial jury, and that the exclusion of these appropriate questions was harmless error that contributed not at all to the conviction. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

Affirmed.